ROBERTS *v.* GATES.[1]

ATTORNEY AND CLIENT—DUTY TO CLIENT—BREACH—LIABILITY.
>    Where, in an action against an attorney for a breach of duty,
>       there is evidence from which the jury may find that plaintiff
>       employed defendant to procure for him an outstanding title
>       to land which plaintiff had conveyed by warranty deed, and
>       that defendant collusively had the outstanding title conveyed
>       to a third person from whom plaintiff purchased at a sub-
>       stantial advance over its cost, it is error to direct a verdict for
>       defendant, since plaintiff is entitled to recover the difference
>       between the cost of the title to defendant and the price paid
>       by plaintiff as money in defendant's hands equitably belong-
>       ing to plaintiff.

Error to Sanilac; Beach, J. Submitted April 18, 1906.
(Docket No. 83.) Decided October 29, 1906.

Case by William Roberts against Charles F. Gates and
Albert S. Sholes for fraud. There was judgment for de-
fendants on a verdict directed by the court, and plaintiff
brings error. Reversed as to defendant Gates, and
affirmed as to defendant Sholes. (See *Roberts* v. *Sholes*,
144 Mich. 215.)

*Avery & Walsh* (*E. C. Babcock*, of counsel), for
appellant.

*Charles F. Gates*, in pro. per.

*Fred C. Ballard*, for defendant Sholes.

OSTRANDER, J. Plaintiff conveyed certain land by
warranty deed, having at the time only a tax title. It is
the theory of his case in this action that, becoming satis-
fied that his tax title was invalid, he employed defendant
Gates as his attorney to purchase the so-called original
title for him at the lowest possible price; that his attorney,
instead of purchasing the land for him, purchased it for

[1] Rehearing denied December 17, 1906.

himself, taking a deed therefor to the defendant Sholes; that he, plaintiff, not knowing of the fraudulent conduct of his attorney, obtained a deed to the land from Sholes; that the land was purchased from the original owners for $150 and plaintiff paid Sholes $502.50. There is testimony which, if believed by the jury, would have warranted them in finding a verdict against the defendant Gates for a sum equal to the difference between $150 and $502.50, upon the theory that Sholes was a mere nominal party to the transaction and Gates the real party, who fixed the price for which plaintiff was obliged to purchase the land, the difference between the price paid for the deed and the sum exacted from plaintiff being the profit to be realized by Gates when the note of plaintiff, given in part payment for that land, and in the hands of third parties, should be paid. That is to say, that, if plaintiff had discovered the facts before purchasing the land from Sholes, and had filed a bill to obtain the benefit of the action of his attorney, the testimony in the case, if believed, would support a decree in his favor. The case was not submitted to the jury, but a verdict for both defendants was directed. The learned trial judge was of opinion that, as matter of law, plaintiff could not purchase the title of Mr. Ballard (Sholes), pay the amount demanded, and charge it to Gates, although Gates may have been employed as an attorney and have been guilty of a breach of the contract of employment; that, possibly, if plaintiff had contested his ejectment suit concerning the land to a conclusion and had been compelled to pay a certain amount for breach of his covenants of warranty, and the jury had found the employment to be as claimed, and the breach of it, he might have recovered such sum from the defendant Gates. I know of no legal objection, the facts being established, to the recovery by plaintiff in an action at law of this sum of money as money in the hands of the defendant Gates which, in equity and good conscience, belongs to plaintiff, and in my opinion the case should have been submitted to the jury under proper in-

structions.    Other objections to a recovery, made by
counsel for defendant Gates in the brief, are none of them
insuperable.    Reversed as to defendant Gates.    Affirmed
as to defendant Sholes.

CARPENTER, C. J., and McALVAY, GRANT, BLAIR,
MONTGOMERY, and HOOKER, JJ., concurred with
OSTRANDER, J.

MOORE, J. (*dissenting*).    It is the claim of plaintiff,
briefly stated, that, after he became the owner of a tax
title, he employed the defendant Gates to procure for him
the original title from Fulton Brothers upon as favorable
terms as possible; that, instead of doing so, the two defend-
ants conspired together to procure the original title, the deed
thereto being taken in the name of Sholes, who later con-
veyed to the plaintiff.    It is to recover the damages caused
by having to pay Sholes more than plaintiff claims he
should have paid Fulton Brothers, that this suit is brought.
At the close of plaintiff's testimony a verdict was directed
in favor of defendant Sholes, and, upon the close of all
the testimony, it was directed in favor of defendant Gates.
The case is brought here by writ of error, counsel insist-
ing there was a case to go to the jury.

A careful reading of the record satisfies us that, at the
close of plaintiff's testimony, no wrong-doing was shown
as to defendant Sholes, and we think the court very prop-
erly directed a verdict in his favor.

It is the claim of defendant Gates that, at the time
when the plaintiff claims Gates was giving him advice
about the tax title, and employed him to procure the orig-
inal title, he was not, and had never acted as, his attor-
ney, and a number of receipts signed by the plaintiff and
introduced in evidence tends to strongly support this claim.
He also testified that he had no talk with plaintiff about
procuring for him the original title; that he learned from
an inspection of the records the Fulton Brothers were the
owners, and dealt directly with them in procuring the
original title; and that when plaintiff obtained the deed

from Sholes he knew fully the part Mr. Gates had in the transaction. His testimony is a full and explicit denial of any wrong-doing. This dispute between plaintiff and Mr. Gates of course presented a question of fact for the jury, and, if it was all there was in the case, it would have been the duty of the judge to submit the question to them. It was, however, not only the duty of the plaintiff to show the agreement and a breach of it, but to furnish some testimony upon which the jury could act intelligently in arriving at the amount of damages.

It appears by the record that in the latter part of 1896 Fulton Brothers and their wives executed a deed to Mr. Roberts for this land and sent it to Judge Stevens of Port Huron to be delivered when $125 was paid. Some correspondence ensued, and the deed was returned to Fulton Brothers. Mr. Roberts says he was governed by the advice of Mr. Gates. This is denied by Mr. Gates. The latter testified he found the title was in Fulton Brothers from the indexes in the abstract office; that he then called the Fulton Brothers by telephone and inquired of them for what their interest could be purchased; that he was asked if he was acting for Roberts, and was told "If you are you cannot have it for a cent less than the land is worth." This testimony is uncontradicted. It also appears from Mr. Roberts' testimony that for the deed from Sholes to him he paid $77.50 in money, and gave his notes for $425; that he refused to pay these notes; that he has been sued upon them, and that in an affidavit filed in the case he swore that "he has a good and substantial defense to the merits thereof as he is advised by his counsel after such statement made as aforesaid and verily believes to be true."

We have, then, a case where it appears the Fulton Brothers would not sell to Mr. Roberts for less than the full consideration named in the deed from Mr. Sholes, where it also appears that all he has paid to Mr. Sholes is $77.50 in money and notes for the balance, and as to the notes he is contesting them and claims he has a good de-

fense to the suit brought upon them.   I agree with the circuit judge when he said that "he was of the opinion that the case was barren of facts to form a basis as to the measure of damages," and for that reason directed a verdict in favor of Mr. Gates.

I think the judgment should be affirmed.